DSS:SDD
F.#2012R00567

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ZHIFU LIN,
LILAN LI and
JOSEPH DEBOSE,

            Defendants.

- - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 12 CR 271 (S-1) (ENV)
(T. 18, U.S.C., §§ 371,
922(a)(1)(A), 922(e)
922(k), 924(a)(1)(B),
924(a)(1)(D), 924(d),
981(a)(1)(C), 2 and 3551
et seq.; T. 21, U.S.C.,
§ 853(p); T. 22, U.S.C., §§
401(a), 2778(b)(2) and
2778(c); T. 22, C.F.R.,
Parts 121 and 127; T. 28,
U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Superseding Indictment,
unless otherwise indicated:

    1.   The export of defense related articles was
regulated by the Arms Export Control Act, Title 22, United States
Code, Section 2778 ("AECA").  Section 2778(a) authorized the
President of the United States to control the import and export
of defense articles and to establish a United States Munitions
List (the "USML"), which designated and defined the defense
articles subject to these controls.  Section 2778(b) required any

person engaged in the business of manufacturing or exporting any defense articles to register with the government. Section 2778(c) established criminal penalties for any violation of Section 2778 or any rule or regulation promulgated thereunder.

2. The United States Department of State ("the State Department") implemented these statutory provisions by adopting the International Traffic in Arms Regulations ("ITAR"), Title 22, Code of Federal Regulations, Parts 120 et seq. These regulations established the USML and required an export license for the export of any items on the list.

3. Category I of the USML, Title 22, Code of Federal Regulations, Part 121, is entitled "Firearms, Close Assault Weapons and Combat Shotguns." Part (a) of Category I addressed "Nonautomatic and semi-automatic firearms," and part (g) related to "[b]arrels, cylinders, receivers (frames) or complete breech mechanisms for the articles in paragraphs (a) through (d) of this category." The USML deemed the defense items contemplated in Categories I(a) and (g) to be "Significant Military Equipment." The USML defined "Significant Military Equipment" as "articles for which special export controls are warranted because of their capacity for substantial military utility or capability." 22 C.F.R. Part 120.7.

4. A Beretta 9mm semi-automatic handgun constituted a firearm within the meaning of Category I(a) of the munitions

list. The State Department has issued a license determination indicating that a Beretta 9mm semi-automatic handgun was a designated defense article, as defined in Category I(a) of the USML, at the time of the conduct charged in this Superseding Indictment. Accordingly, the shipment of this item out of the United States required the issuance of a license from the State Department prior to export.

COUNT ONE
(Conspiracy to Violate the AECA)

5. The allegations contained in paragraphs one through four are realleged and incorporated by reference as if fully set forth in this paragraph.

6. In or about and between August 2010 and April 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ZHIFU LIN, LILAN LI and JOSEPH DEBOSE, together with others, did knowingly and willfully conspire to export from the United States to China defense articles, designated on the USML, to wit: firearms and firearms barrels, including a Beretta 9mm semi-automatic handgun, without first obtaining the required license or written approval from the State Department, contrary to Title 22, United States Code, Sections 2778(b)(2) and 2778(c) and Title 22, Code of Federal Regulations, Parts 121 and 127.

7. It was part of the conspiracy that the defendants ZHIFU LIN, LILAN LI and JOSEPH DEBOSE, together with others,

3

arranged for the export of defense articles listed in Categories I(a) and I(g) of the USML, including a Beretta 9mm semi-automatic handgun and other firearms and firearms barrels, from the United States to China without first obtaining an export license from the State Department.

8.    It was further part of the conspiracy that the defendants ZHIFU LIN and LILAN LI, together with others, agreed to cause and caused a company located in Queens, New York, the identity of which is known to the Grand Jury, to describe falsely the firearms as "Speaker for Gift" on shipping export documents.

9.    In furtherance of the conspiracy and to effect its unlawful objectives, within the Eastern District of New York and elsewhere, the defendants ZHIFU LIN, LILAN LI and JOSEPH DEBOSE, together with others, committed and caused to be committed, among others, the following:

OVERT ACTS

a.    In or about July 2011, the defendants ZHIFU LIN and LILAN LI, together with others, purchased firearms from the defendant JOSEPH DEBOSE.

b.    On or about August 22, 2011, the defendants ZHIFU LIN and LILAN LI, together with others, transported firearms from West Virginia to a shipping company located in Queens, New York.

4

c.  On or about August 22, 2011, the defendant ZHIFU LIN, together with others, provided false information on export documents.

(Title 18, United States Code, Sections 371 and 3551 <u>et seq</u>.)

## COUNT TWO
### (AECA Violation)

10.  The allegations contained in paragraphs one through four are realleged and incorporated by reference as if fully set forth in this paragraph.

11.  On or about August 22, 2011, within the Eastern District of New York and elsewhere, the defendants ZHIFU LIN, LILAN LI and JOSEPH DEBOSE, together with others, did knowingly and willfully export from the United States to China one or more defense articles, designated on the USML, to wit: firearms and firearms barrels, including a Beretta 9mm semi-automatic handgun, without first obtaining the required license or written approval from the State Department.

(Title 22, United States Code, Sections 2778(b)(2) and 2778(c); Title 22, Code of Federal Regulations, Parts 121 and 127; Title 18, United States Code, Sections 2 and 3551 <u>et seq</u>.)

## COUNT THREE
### (Unlicensed Dealing in Firearms)

12.  On or about and between December 1, 2010 and May 20, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ZHIFU

5

LIN, LILAN LI and JOSEPH DEBOSE, together with others, not being licensed importers, licensed manufacturers or licensed dealers of firearms, did knowingly and willfully engage in the business of dealing in firearms.

(Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D), 2 and 3551 et seq.)

## COUNT FOUR
(Transportation of Firearms with Obliterated Serial Numbers)

13.    On or about August 22, 2011, within the Eastern District of New York and elsewhere, the defendant ZHIFU LIN, together with others, did knowingly and intentionally transport, ship and receive, in interstate and foreign commerce, one or more firearms, to wit: two Beretta 92FS 9mm semi-automatic handguns, one Beretta 84FS .380 semi-automatic handgun, one Beretta Model 21A .22 caliber semi-automatic handgun, one Sig Sauer Mosquito .22 caliber semi-automatic handgun, two Walther P22 .22 caliber semi-automatic handguns and two Taurus PT22 .22 caliber semi-automatic handguns, that had the importers' and manufacturers' serial numbers removed, obliterated and altered.

(Title 18, United States Code, Sections 922(k), 924(a)(1)(B), 2 and 3551 et seq.)

## COUNT FIVE
(Illegal Shipment of Firearms)

14.    On or about August 22, 2011, within the Eastern District of New York and elsewhere, the defendant ZHIFU LIN,

together with others, did knowingly and willfully deliver and cause to be delivered to a common carrier for transportation and shipment in interstate and foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers and licensed collectors, a package and container in which there were one or more firearms without written notice to the carrier that such firearms were being transported and shipped.

(Title 18, United States Code, Sections 922(e), 924(a)(1)(D), 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

15. The United States hereby gives notice to the defendants charged in Counts One and Two that, upon conviction of either offense, the government will seek forfeiture in accordance with (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any and all property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offense, and (b) Title 22, United States Code, Section 401 and Title 28, United States Code, Section 2461(c), which require the forfeiture of arms and munitions of war and other articles exported or shipped in violation of law, and any vessel, vehicle, or aircraft containing the same or which has been or is being used in exporting or

7

attempting to export such arms and munitions of war or other articles in violation of law.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 22, United States Code, Section 401(a); Title 21, United States Code, Section 853(p))

8

CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS THREE, FOUR AND FIVE

17.   The United States hereby gives notice to the defendants charged in Counts Three, Four and Five that, upon conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922, or any violation of any criminal law of the United States.

18.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

9

other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853(p))

A TRUE BILL

*Cheryl Reedy*

FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

10

*No. CR-12-271 (S-1)(ENV)*

JUN. 85

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL *Division*

### THE UNITED STATES OF AMERICA
*vs.*

**ZHIFU LIN, LILAN LI and JOSEPH DEBOSE**

Defendants.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 371, 922 ( a ) (1) (A) ,  922 ( e ) 922 (k) , 924 ( a ) (1) (B) , 924 ( a ) (1)
( D ) , 924 (d) , 981  (a) (1) ( C ) , 2  and  3551 et seq .; T. 21 U.S.C., § 853 (p) ;
T. 22, U.S.C., §§ 401 (a) , 2778 (b) (2) and 2778 ( c ) ; T. 22, C.F.R.,
Parts 121 and 127 ; T. 28, U.S.C., § 2461 ( c ))

*A true bill.*

_____  *Foreman*

_____

*Filed in open court this day,*

*of* _____ *A.D. 20* _____

_____
                                                              *Clerk*

_____

*Bail, $* _____

_____
                                                                          *MOR*

*SETH DUCHARME, AUSA  (718) 254-6021*